UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBYN F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C19-5828-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff and the Commissioner agree that the administrative law judge ("ALJ") erred by failing to identify jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Dkt. ## 10, 14.) The parties disagree only as to the appropriate remedy for this error. As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

In October 2015, Plaintiff protectively applied for benefits, alleging disability as of November 1, 2009. AR at 193-200. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 122-29. After the ALJ conducted

ORDER - 1

1  hearings in March and July 2018 (*id*. at 44-86), the ALJ issued a decision finding Plaintiff not

2  disabled. *Id*. at 22-38. As the Appeals Council denied Plaintiff's request for review, the ALJ's

3  decision is the Commissioner's final decision. *Id*. at 1-6. Plaintiff appealed the final decision of

4  the Commissioner to this Court.

## III.     LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

As discussed above, the parties agree that the ALJ erred at step five, in that the ALJ failed to identify jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Dkt. ## 10, 14.) Plaintiff contends that this error should be remedied by a remand for a finding of disability, and the Commissioner argues that a remand for further proceedings is appropriate.

A remand for further proceedings is the typical remedy for any error, at whatever step in the sequential evaluation, except under rare circumstances. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). To remand for an award of benefits, the court must find: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) that the record has been fully developed and further administrative proceedings would serve no useful purpose, including consideration of any outstanding issues that must be resolved before a disability determination can be made; and (3) that, if improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015); *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Also, even with satisfaction of the three requirements, the court retains flexibility in determining the proper remedy and may remand for further proceedings where, considering the record as a whole, serious doubt remains as to whether a claimant is, in fact, disabled. *Brown-Hunter*, 806 F.3d at 495. *See also Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in

ORDER - 3

fact, disabled, no matter how egregious the ALJ's errors may be.") If the record is "uncertain and ambiguous," the matter is properly remanded for further proceedings. *Treichler*, 775 F.3d at 1105.

Plaintiff argues that a remand for a finding of disability is appropriate here, because the record is fully developed and yet the ALJ failed to meet the Commissioner's burden at step five. (Dkt. # 10 at 6-7.) According to Plaintiff, "it is clear based on the [vocational expert's (VE)] testimony that there are not jobs that exist in significant numbers that [Plaintiff] can perform." (Dkt. # 15 at 5.) The VE's testimony does not support this contention, however: the VE did not testify that the three jobs identified at the hearing are the only jobs Plaintiff can perform. *See* AR at 81. If the VE had so testified, a remand for a finding of disability could be appropriate, because evidence in the record would show that further proceedings would not serve a useful purpose. *See, e.g.*, *Lawrence v. Sullivan*, 1991 WL 134465, at *3 (9th Cir. Jul. 19, 1991) (holding that where the VE testified that only one job was possibly available for plaintiff to perform, and the court found that plaintiff's limitations prevented him from performing that one job, further proceedings would be useless).

Plaintiff cites no binding authority indicating that step-five errors should in general be remedied by a remand for a finding of disability, and the Court is aware of none, and is instead aware of many Ninth Circuit cases remanding for further proceedings on a step-five error. *See, e.g.*, *Lamear v. Berryhill*, 865 F.3d 1201, 1207 (9th Cir. 2017); *Beltran v. Astrue*, 700 F.3d 386 (9th Cir. 2012); *DeWolfe v. Berryhill*, 736 Fed. Appx. 189, 190 (9th Cir. Sep. 4, 2018); *De Rivera v. Berryhill*, 710 Fed. Appx. 768, 769 (9th Cir. Feb. 8, 2018); *Randazzo v. Berryhill*, 725 Fed. Appx. 446, 448 (9th Cir. Dec. 13, 2017). Accordingly, because further proceedings would serve the useful purpose of determining whether there are any jobs that exist in significant

numbers that Plaintiff can perform, the Court finds that a remand for further proceedings is the appropriate remedy.[1]

### V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should provide Plaintiff an opportunity for a new hearing and to present new evidence; obtain supplemental VE testimony; and issue a new decision. (Dkt. # 14 at 2.)

Dated this 5th day of June, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[1] Because the Court finds that further proceedings would serve a useful purpose, the Court need not address the Commissioner's arguments regarding whether the record creates serious doubt about whether Plaintiff is disabled. (*See* Dkt. # 14 at 5-6.)